**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION**

| | |
|---|---|
| Marco Verch,<br><br>Plaintiff,<br><br>v.<br><br>Exodus Global, LLC,<br><br>Defendant. | Case No. 3:26-cv-00494-AMB<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Defendant Exodus Global, LLC ("Exodus") submits the following answer and affirmative defenses to the Complaint for Copyright Infringement and Demand for Injunctive Relief ("Complaint") by Plaintiff Marco Verch ("Verch") and asserts the following defenses:

**PARTIES**

1. Plaintiff MARCO VERCH ("Verch") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Verch's original copyrighted Work of authorship after removal of his copyright management information ("CMI") and the addition of false CMI.

RESPONSE: Exodus admits only that the Complaint purports to state causes of action under the Copyright Act. Exodus denies that Verch has stated a claim for relief and that Verch is entitled to any of the requested relief. Exodus denies any remaining allegations in Paragraph 1 of the Complaint.

2. Marco Verch is a photographer from Cologne, Germany. He has been working as a photographer for many years and enjoys taking pictures of scenery from his travels, sporting events, food, flowers, cars, drones and more. He also takes photos for advertisements and fundraising campaigns.

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis denies them.

3. Defendant EXODUS GLOBAL, LLC ("Exodus Global") is a specialized provider of innovative equipment and attachment solutions for the scrap recycling, demolition, and material handling industries. The company focuses on delivering high-performance products—such as mobile shears, grapples, and cutting systems—designed to improve efficiency, safety, and productivity in demanding environments. Known for its commitment to engineering quality and customer support, Exodus Global partners with operators and businesses worldwide to help them tackle complex jobs with reliable, durable equipment.. At all times relevant herein, Exodus Global owned and operated a commercial Facebook account located at the URL https://www.facebook.com/exodusglobal.wi/ (the "Website").

RESPONSE: Exodus admits that it manufactures high-performance attachments for the scrap, demolition, construction, and material handling industries, delivering reliable equipment that improves safety and efficiency worldwide. Exodus also admits that it owned and operated a Facebook account located at the URL https://www.facebook.com/exodusglobal.wi/ at the time the post at issue was made on December 21, 2022, through the present. Exodus denies any remaining allegations in Paragraph 3 of the Complaint.

4. Exodus Global copied Verch's copyrighted Work from the internet to advertise, market and promote its business activities.

RESPONSE: Exodus denies the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

RESPONSE: Exodus admits only that the Complaint purports to state causes of action under the Copyright Act. Exodus denies that Verch has stated a claim for relief and that Verch is

entitled to any of the requested relief. Exodus denies any remaining allegations in Paragraph 5 of the Complaint.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

RESPONSE: Paragraph 6 of the Complaint states a legal conclusion to which no answer is necessary. To the extent an answer is required, Exodus admits only that the Complaint purports to state causes of action under the Copyright Act over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a). Exodus denies that Verch has stated a claim for relief and that Verch is entitled to any of the requested relief. Exodus denies any remaining allegations in Paragraph 6 of the Complaint.

7. Exodus Global is subject to personal jurisdiction in this district as its headquarters are in this district.

RESPONSE: Paragraph 7 of the Complaint states a legal conclusion to which no answer is necessary. To the extent an answer is required, Exodus admits only that its principal place of business is in Superior, Wisconsin.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Exodus Global engaged in infringement in this district, Exodus Global resides in this district, and Exodus Global is subject to personal jurisdiction in this district.

RESPONSE: Paragraph 8 of the Complaint states a legal conclusion to which no answer is necessary. To the extent an answer is required, Exodus admits only that its principal place of business is in Superior, Wisconsin. Exodus denies the remaining allegations in Paragraph 8 of the Complaint.

**DEFENDANT**

9. Exodus Global, LLC is a Wisconsin Limited Liability Company, with its principal place of business at 155 Main Street, Superior, WI, 54880, and can be served by serving its Registered Agent, Kevin Boreen, 1 Exodus Drive, Superior, Wisconsin 54880.

RESPONSE: Exodus denies that it is a Wisconsin Limited Liability Company. Exodus admits the remaining allegations in Paragraph 9 of the Complaint.

**THE COPYRIGHTED WORK AT ISSUE**

10. In 2019, non-party Liliya Krivorychko created the photograph entitled "Hot chocolate with marshmallows on a Christmas background with bokeh and Christmas tree branches," which is shown below and referred to herein as the "Work."



RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and on that basis denies them.

11. By written agreement, Krivorychko transferred ownership of the Work to Plaintiff Verch, and Verch subsequently published the Work on or about November 24, 2019, by displaying

it on his webpage on Flickr at the internet URL https://www.flickr.com/photos/30478819@N08/49113845316/.

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and on that basis denies them.

12. Verch then registered the Work with the Register of Copyrights on February 25, 2020, as part of a group registration of published images. The Group Registration was assigned registration number VA 2-197-105. The Certificate of Registration is attached hereto as **Exhibit 1**.

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and on that basis denies them.

13. Verch subsequently published the Work on or about February 15, 2021, by displaying it on his own website at the internet URL https://ccnull.de/foto/hot-chocolate-with-marshmallows-on-a-christmas-background-with-bokeh-and-christmas-tree-branches/1022712.

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and on that basis denies them.

14. Verch makes his work available via Flickr and his own website through a Creative Commons 2.0 License.

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and on that basis denies them.

15. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and on that basis denies them.

16. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and on that basis denies them.

17. Verch's display of the Work on Flickr and his website also included CMI next to the Work in the form of Verch's name, the year when the Work was first created, and the link to the licensing terms.

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and on that basis denies them.

18. Verch's Work is protected by copyright but is not otherwise proprietary, or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

RESPONSE: Paragraph 18 of the Complaint states legal conclusions to which no answer is necessary. To the extent an answer is required, Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and on that basis denies them.

19. At all relevant times Verch was the owner of the copyrighted Work.

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and on that basis denies them.

---

[1] https://creativecommons.org/licenses/by/2.0/

**INFRINGEMENT BY EXODUS GLOBAL**

20. Exodus Global has never been licensed to use the Work for any purpose.

RESPONSE: Exodus denies the allegation in Paragraph 20 of the Complaint.

21. On a date after the Work at issue in this action was created, but prior to the filing of this action, Exodus Global copied the Work.

RESPONSE: Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing. Exodus denies any remaining allegations in Paragraph 21 of the Complaint.

22. On or about May 30, 2023, Verch discovered the unauthorized use of his Work on the Website.

RESPONSE: Exodus denies the allegation in Paragraph 22 of the Complaint. As can be seen in the Pixsy Evidence Report attached hereto as **Exhibit A**, the "capture date" of the "detected image" is May 2, 2023. Exhibit A at PDF p. 12. Thus, Verch discovered the use of the image in Exodus' December 21, 2022, Facebook post no later than May 2, 2023.

23. Exodus Global copied Verch's copyrighted Work without Verch's permission.

RESPONSE: Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing. Exodus denies any remaining allegations in Paragraph 23 of the Complaint.

24. After Exodus Global copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its manufacturing and distributing attachments for scrap recycling, construction, and demolition services business.

RESPONSE: Exodus denies the allegations in Paragraph 24 of the Complaint.

25. Exodus Global copied and distributed Verch's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

RESPONSE: Exodus denies the allegations in Paragraph 25 of the Complaint.

26. Exodus Global committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**. Notably, Exodus Global did not fulfill the requirements of the CC 2.0 license and failed to give appropriate credit, provide a link to the license, or indicate if changes were made.

RESPONSE: Paragraph 26 of the Complaint states a legal conclusion to which no answer is necessary. To the extent an answer is required, Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing. Exodus denies any remaining allegations in Paragraph 26 of the Complaint.

27. Verch never gave Exodus Global permission or authority to copy, distribute or display the Work for any purpose without satisfying the conditions of the CC 2.0 license.

RESPONSE: Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing. Exodus denies any remaining allegations in Paragraph 27 of the Complaint.

28. Verch notified Exodus Global of the allegations set forth herein on June 9, 2023. To date, the parties have failed to resolve this matter.

RESPONSE: Exodus admits the allegations in Paragraph 28 and incorporates by reference the June 9, 2023, email and attachments sent by Pixsy, Inc. as the authorized licensing and copyright agent of Plaintiff, attached hereto as **Exhibit A**. The notification letter included a June

1, 2023, Pixsy Evidence Report with a "detected image" "capture date" of May 2, 2023. Exhibit A at PDF p. 12.

29. When Exodus Global copied and displayed the Work, Exodus Global failed to provide attribution as required by the CC 2.0 license.

RESPONSE: Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing and that it did not provide attribution. Exodus denies any remaining allegations in Paragraph 29 of the Complaint.

30. Verch never gave Exodus Global permission or authority to post the Work without the required CMI.

RESPONSE: Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing. Exodus denies any remaining allegations in Paragraph 30 of the Complaint.

31. Exodus Global's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of CMI.

RESPONSE: Paragraph 31 of the Complaint states a legal conclusion to which no answer is necessary. To the extent an answer is required, Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing. Exodus denies any remaining allegations in Paragraph 31 of the Complaint.

32. Exodus Global also added their own CMI to the Work in the form of superimposing their logo and organization label on the Work "EXODUS GLOBAL" as evidenced by the documents attached hereto as **Exhibit 2**.

RESPONSE: The image of Exodus's December 21, 2022, Facebook post in Exhibit 2 speaks for itself. Exodus denies any allegations in Paragraph 32 of the Complaint that conflict with the image in Exhibit 2.

33. Verch never gave Exodus Global permission or authority to post the Work with that false CMI.

RESPONSE: Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing. Exodus denies any remaining allegations in Paragraph 33 of the Complaint.

34. Exodus Global's failure to attribute is a violation of 17 U.S.C. § 1202(a) for putting false CMI information.

RESPONSE: Paragraph 34 of the Complaint states a legal conclusion to which no answer is necessary. To the extent an answer is required, Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing. Exodus denies any remaining allegations in Paragraph 34 of the Complaint.

## COUNT I
## COPYRIGHT INFRINGEMENT

35. Verch incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

RESPONSE: Exodus incorporates by reference its response to Paragraphs 1 through 34 of the Complaint herein by reference.

36. Verch owns a valid copyright in the Work.

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and on that basis denies them.

37. Verch registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and on that basis denies them.

38. Exodus Global copied, displayed, and distributed the Work and made derivatives of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

RESPONSE: Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing. Exodus denies the remaining allegations in Paragraph 38 of the Complaint.

39. Exodus Global performed the acts alleged in the course and scope of its business activities.

RESPONSE: Exodus admits only to including an image in a December 21, 2022, Facebook post that was found using the Creative Commons licensing filter on Microsoft Bing. Exodus denies any remaining allegations in Paragraph 39 of the Complaint.

40. Defendant's acts were willful.

RESPONSE: Exodus denies the allegation in Paragraph 40 of the Complaint.

41. Verch has been damaged.

RESPONSE: Exodus denies the allegation in Paragraph 41 of the Complaint.

42. The harm caused to Verch has been irreparable.

RESPONSE: Exodus denies the allegation in Paragraph 42 of the Complaint.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

43. Verch incorporates the allegations of paragraphs 1 through 34 [sic] of this Complaint as if fully set forth herein.

RESPONSE: Exodus incorporates by reference its response to Paragraphs 1 through 43 of the Complaint herein by reference.

44. The Work at issue in this case requires attribution and contains CMI pursuant to the requirements of a CC by 2.0 license.

RESPONSE: Exodus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and on that basis denies them.

45. Exodus Global knowingly and with the intent to enable or facilitate copyright infringement, displayed the Work on Exodus Global's Website, after removing Verch's copyright management information in violation of 17 U.S.C. § 1202(b).

RESPONSE: Exodus denies the allegations in Paragraph 45 of the Complaint.

46. Exodus Global distributed the Work to the Website knowing that the CMI had been removed or altered without the authority of the copyright owner or the law.

RESPONSE: Exodus denies the allegations in Paragraph 46 of the Complaint.

47. With actual notice and knowledge of Verch's license conditions, Exodus Global committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

RESPONSE: Exodus denies the allegations in Paragraph 47 of the Complaint.

48. After removing the original CMI, Exodus Global published and distributed the Work in violation of 17 U.S.C. § 1202(b)(3).

RESPONSE: Exodus denies the allegations in Paragraph 48 of the Complaint.

49. Exodus Global caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

RESPONSE: Exodus denies the allegations in Paragraph 49 of the Complaint.

50. Verch has been damaged.

RESPONSE: Exodus denies the allegation in Paragraph 50 of the Complaint.

51. The harm caused to Verch has been irreparable.

RESPONSE: Exodus denies the allegation in Paragraph 51 of the Complaint.

**COUNT III**
**ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION**

52. Verch incorporates the allegations of paragraphs 1 through 33 [sic] of this Complaint as if fully set forth herein.

RESPONSE: Exodus incorporates by reference its response to Paragraphs 1 through 51 of the Complaint herein by reference.

53. The Work contains false CMI.

RESPONSE: Exodus denies the allegation in Paragraph 53 of the Complaint.

54. Exodus Global knowingly and with the intent to enable or facilitate copyright infringement, added CMI, "EXODUS GLOBAL" to the Work in violation of 17 U.S.C. § 1202(a).

RESPONSE: Exodus denies the allegations in Paragraph 54 of the Complaint.

55. With actual notice and knowledge of Verch's license conditions, Exodus Global committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work protected under the Copyright Act.

RESPONSE: Exodus denies the allegations in Paragraph 55 of the Complaint.

56. Exodus Global caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

RESPONSE: Exodus denies the allegations in Paragraph 56 of the Complaint.

57. Exodus Global applied it [sic] own false CMI upon the Work in the form of its name embedded within the image itself.

RESPONSE: Exodus denies the allegations in Paragraph 57 of the Complaint.

58. After applying the false CMI to the Work, Exodus Global published and distributed the Work in violation of 17 U.S.C. § 1202(a)(2).

RESPONSE: Exodus denies the allegations in Paragraph 58 of the Complaint.

59. Verch has been damaged.

RESPONSE: Exodus denies the allegation in Paragraph 59 of the Complaint.

60. The harm caused to Verch has been irreparable.

RESPONSE: Exodus denies the allegation in Paragraph 60 of the Complaint.

## PRAYER FOR RELIEF

Verch's Prayer for Relief sets forth his requested relief and does not require a response. However, to the extent that the Prayer for Relief may be construed to contain allegations of fact, Exodus denies them. Exodus further denies that Verch is entitled to any of the relief sought in his Complaint.

## AFFIRMATIVE DEFENSES

Exodus alleges and asserts the following defenses in response to Plaintiff's Complaint:

**FIRST DEFENSE:** Verch failed to state a claim for which relief can be granted.

**SECOND DEFENSE:** Verch's claims are barred by the three-year statute of limitations in the Copyright Act, 17 U.S.C. § 507(b). The Facebook post at issue was posted over 3½ years ago on December 21, 2022. The Pixsy Evidence Report attached hereto as **Exhibit A** indisputably shows that Verch had actual knowledge of the Facebook post no later than May 2, 2023, which is the "capture date" of the accused "detected image." Exhibit A at PDF p. 12. Therefore, Verch's claims accrued no later than May 2, 2023. However, Verch did not file this action until May 29,

2026, which is more than three years after his claims accrued. Thus, Verch's claims are barred by the applicable statute of limitations, and his Complaint must be dismissed with prejudice.

**THIRD DEFENSE:** Verch's claims are barred by the doctrines of laches, estoppel, acquiescence, and/or waiver.

**FOURTH DEFENSE:** Verch has not suffered any actual damages from the alleged conduct identified in the Complaint.

**FIFTH DEFENSE:** Verch is not entitled to injunctive relief because he has not been irreparably harmed and the December 21, 2022, Facebook post at issue has been removed from the Exodus Facebook page.

## RIGHT TO AMEND DEFENSES

Exodus reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## JURY DEMAND

Exodus hereby demands a trial by jury on all issues so triable.

Dated: July 2, 2026

*s/ Laura L. Myers*

Laura L. Myers (MN Bar No. 0387116)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
Telephone: (612) 492-7000
Facsimile: (612) 492-7077
E-mail: LMyers@fredlaw.com

**ATTORNEYS FOR DEFENDANT**