**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION**

Marco Verch,

Plaintiff,

v.

Exodus Global, LLC,

Defendant.

Case No. 3:26-cv-00494-AMB

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## INTRODUCTION

All three counts in Plaintiff Marco Verch's ("Verch") Complaint are barred by the applicable three-year statute of limitations in the Copyright Act, 17 U.S.C. § 507(b). The June 1, 2023, Evidence Report created by Verch's prior copyright agent, Pixsy, Inc., establishes that Verch had actual knowledge of the accused December 21, 2022, Facebook post no later than May 2, 2023. *See* Exhibit A to Defendant Exodus Global, LLC's ("Exodus") Answer, ECF No. 7-1 (the "Pixsy Report") at PDF p. 12. Specifically, as shown below, the Evidence Report indisputably shows that the "detected image" in the Exodus Facebook post was captured on May 2, 2023.

DETECTED IMAGE

WEBPAGE DOMAIN
facebook.com

WEBPAGE UR
https://www.facebook.com/photo.php?fbid=5935969494384-65&set=pb.100063644949611.-2207520000.&type=3

IMAGE UR
https://www.facebook.com/exodusglobal.wi/

CAPTURE DATE
Tue, 02 May 2023 17:49:00 GMT

*Id*. (red oval annotation added). Accordingly, Verch had actual knowledge of the accused Exodus Facebook post no later than May 2, 2023, and, under governing Seventh Circuit law, Verch's copyright claims accrued no later than that date. Verch, however, waited more than three years to file this lawsuit on May 29, 2026. Thus, the three counts in the Complaint are time-barred under 17 U.S.C. § 507(b) and must be dismissed with prejudice.

## FACTUAL BACKGROUND

### I. THE EXODUS FACEBOOK POST AT ISSUE

Verch's Complaint attempts to assert three counts under the Copyright Act against Exodus. *See* ECF No. 1 at ¶¶ 5, 35-60. All three counts are based on the December 21, 2022, Exodus Facebook post attached as Exhibit 2 to the Complaint. *See id.*, ¶ 26; ECF No. 1-2. Likewise, the Pixsy Report describes the dispute as "involving 1 image and 1 unlicensed image use" in the accused Exodus Facebook post. *See* ECF No. 7-1 at PDF pp. 12-13. As shown below, the Exodus Facebook post at issue was posted over 3½ years ago on December 21, 2022.



*See id.* at PDF p. 13 (red annotations added); ECF No. 1-2 (red annotations added). As shown on the previous page, the accused Exodus Facebook post consisted of a one-time holiday message and office closure information. *See id*.

## II. VERCH'S KNOWLEDGE OF THE EXODUS FACEBOOK POST AND CONTACT WITH EXODUS

Verch's Complaint explains that it "notified Exodus Global of the allegations set forth herein on June 9, 2023." ECF No. 1 at ¶ 28. That notification is the Pixsy Report attached as Exhibit A to the Exodus Answer. *See* ECF No. 7-1. The Pixsy Report consists of a June 9, 2023, email from Verch's prior copyright agent, Pixsy Inc., to Exodus with two attachments, the "Unauthorized Use Report" and the "Evidence Report." *See id.*; *see also id*. at PDF p. 2 (Pixsy email referencing "the attached Unauthorized Use Report and Evidence Report").

The first attachment, the Unauthorized Use Report, is dated June 9, 2023. *Id*. at PDF p. 5. It explains that Pixsy was notified about the accused Exodus Facebook post by Verch and states that "[d]etails of the unauthorized use are set out in this letter and the attached **Evidence Report**." *Id*. The second attachment, the Evidence Report, states that it was created on June 1, 2023. *Id*. at PDF p. 12. It also explains that "[t]his report contains the legally binding evidence collected for case 002-193807 between Marco Verch and facebook.com, involving 1 image and 1 unlicensed image use." *Id*. As shown on the next page, the Evidence Report explains that the "detected image" in the accused Exodus Facebook post was captured on May 2, 2023.



DETECTED IMAGE

WEBPAGE DOMAIN

facebook.com

WEBPAGE UR

https://www.facebook.com/photo.php?fbid=5935969494384-65&set=pb.100063644949611.-2207520000.&type=3

IMAGE UR

https://www.facebook.com/exodusglobal.wi/

CAPTURE DATE

Tue, 02 May 2023 17:49:00 GMT

*Id*. at PDF p. 12 (red oval annotation added).

**III. VERCH'S UNTIMELY COMPLAINT**

As the Complaint notes, Verch and Exodus "failed to resolve this matter." ECF No. 1 at ¶ 28. The Pixsy Report threatened that, "[i]n the event that resolution with a license fee is not possible, our next steps are to forward this matter to a legal partner in your area to secure the highest fees recoverable for copyright infringement." ECF No. 7-1 at PDF p. 7. However, Verch did not file the Complaint and initiate this action until May 29, 2026—more than three years after the "detected image" in the accused Exodus Facebook post was captured on May 2, 2023. *See* ECF No. 1, ECF No. 7-1 at PDF p. 12.

**<u>ARGUMENT</u>**

**I. THE COPYRIGHT ACT IMPOSES A THREE-YEAR STATUTE OF LIMITATIONS FOR CIVIL CLAIMS LIKE THOSE BROUGHT BY VERCH.**

All three counts in Verch's Complaint arise under the Copyright Act. *See* ECF No. 1 at ¶¶ 5, 35-60. Therefore, all three counts are subject to the Copyright Act's three-year statute of limitations for civil claims. *See* 17 U.S.C. § 507(b) (stating that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the

claim accrued"). Verch filed his Complaint on May 29, 2026. ECF No. 1. Therefore, to be timely, Verch's claims must have accrued no earlier than May 29, 2023.

## II. UNDER GOVERNING SEVENTH CIRCUIT LAW, VERCH'S CLAIMS ACCRUED NO LATER THAN MAY 2, 2023, AND ARE THEREFORE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Under current Seventh Circuit law, the three-year limitations period for copyright claims begins not when the alleged violation occurred, but when it was discovered or reasonably should have been discovered by the copyright owner. *See Motorola Sols. Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 479 (7th Cir. 2024) (explaining that the so-called "discovery rule" still applies to copyright cases in the Seventh Circuit).[1] This "discovery rule" is a tolling doctrine for which Verch bears the burden of proof because the accused Exodus Facebook post is dated December 21, 2022, which is more than three years before this lawsuit was filed on May 29, 2026. *See Eternix, Ltd. v. CivilGEO, Inc.*, No. 23-cv-633-jdp, 2025 WL 1179333, at *4 (W.D. Wis. Apr. 23, 2025) (explaining that while "statute of limitations is an affirmative defense for which [defendant] bears the burden of proof," if "the statute of limitations has expired, the plaintiff bears the burden of showing that an applicable tolling doctrine applies, including the discovery rule"); *see also Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 616 (7th Cir. 2014) ("More

[1] The United States Supreme Court has not yet ruled on the applicability of the discovery rule in copyright cases but suggested that the statute of limitations should begin when the alleged copyright violation occurs, not when it is discovered by the copyright owner. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1967 (2014) ("Section 507(b), it is undisputed, bars relief of any kind for conduct occurring prior to the three-year limitations period."); *Boehm v. Heyman Printing, LLC*, No. 16-cv-305-jdp, 2017 WL 53296, at *1 (W.D. Wis. Jan. 4, 2017) ("But the Supreme Court recently called the discovery rule into question, using instead the incident of injury rule, i.e., the claim accrues when the infringement occurs."). Here, the alleged violations occurred no later than December 21, 2022, which is over 3½ years before the filing of this lawsuit. *See, e.g., Bell v. Bd. of Educ., Basehor-Linwood Unified School Dist. 458*, 645 F. Supp. 3d 1177, 1183 (D. Kan. 2022) (explaining that "[a]s applied by courts, [the separate-accrual rule] means that the statute of limitations runs from the date a defendant posted the copyrighted material online—whether that post remained online is irrelevant").

fundamentally, however, in light of *Petrella*, we now know that the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed.").

Putting aside the question of when Verch reasonably should have discovered the Exodus Facebook post, the pleadings establish that Verch discovered it no later than May 2, 2023. It is well-established that "[t]he pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (recognizing that letters are considered a "written instrument" under Fed. R. Civ. P. 10(c)). The Pixsy Report discussed in and attached as Exhibit A to Exodus's Answer was prepared and sent to Exodus by Verch's agent and is referenced in Verch's Complaint. *See* ECF No. 7-1 at PDF p. 12; ECF No. 1 at ¶ 28 ("Verch notified Exodus Global of the allegations set forth herein on June 9, 2023.").

The Pixsy Report establishes that the "capture date" of the "detected image" in the Exodus Facebook post was May 2, 2023. *See* ECF No. 7 at ¶¶ 22, 28, and p. 14 (Second Affirmative Defense); ECF No. 7-1 at PDF p. 12. Thus, it is indisputable that Verch discovered the accused Exodus Facebook post no later than May 2, 2023. Accordingly, under controlling Seventh Circuit law, Verch's asserted copyright claims against Exodus accrued no later than May 2, 2023. *See Motorola*, 108 F.4th at 479. However, Verch did not file his Complaint until May 29, 2026. *See* ECF No. 1. Therefore, all three counts in Verch's Complaint are untimely and time-barred under the applicable three-year statute of limitations in the Copyright Act. *See* 17 U.S.C. § 507(b).

Importantly, Verch's allegation in his Complaint that "[o]n or about May 30, 2023, Verch discovered the unauthorized use of his Work on the Website" does not save his claims from the applicable statute of limitations for at least two reasons. *See* ECF No. 1 at ¶ 22. First, Verch's use

of "on or about" is not a definitive allegation that discovery occurred on May 30, 2023, and it can be interpreted to encompass the May 2, 2023, discovery date established by the Pixsy Report. *See* ECF No. 7-1 at PDF p. 12. Second, "[i]t is a well-settled rule that when a written instrument [attached to the pleadings] contradicts the allegations in the complaint…the exhibit trumps the allegations." *N. Ind. Gun*, 163 F.3d at 454. Here, the Pixsy Report—authored and sent by Verch's copyright agent—establishes Verch's discovery of the "detected image" in the accused Exodus Facebook post no later than May 2, 2023. Verch cannot dispute what is documented in his own records.

All three counts in Verch's Complaint against Exodus are barred by the applicable three-year statute of limitations in the Copyright Act. *See* 17 U.S.C. § 507(b).

## CONCLUSION

For the foregoing reasons, Exodus respectfully requests that this Court enter judgment on the pleadings and dismiss Plaintiff's Complaint against Exodus with prejudice.

Respectfully submitted,

Dated: July 2, 2026

*s/ Laura L. Myers*

Laura L. Myers (MN Bar No. 0387116)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
Telephone: (612) 492-7000
Facsimile: (612) 492-7077
E-mail: LMyers@fredlaw.com

**ATTORNEYS FOR DEFENDANT**

#92026498